IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WENDY BARRIOS, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF | § | |
| JOSEPH GONZALEZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CASE NO. 3:22-cv-110 |
| | § | |
| BARRY ALLEN ELLIS AND | § | |
| SIERRA EXPRESS, INC. | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## <u>NOTICE OF REMOVAL INDEX OF MATTERS</u>

BARRY ALLEN ELLIS and SIERRA EXPRESS, INC. provide this index of matters being

filed together with the documents and information required by 28 U.S.C. § 1446(a):

Exhibit A:    Index of matters being filed.

Exhibit B:    All executed process, all pleadings asserting causes of action, all answers to

such pleadings, all orders signed by the state judge and the docket sheet.

Exhibit C:    A list of all counsel of records, including addresses, telephone numbers and

parties represented.

**EXHIBIT
A**

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0139 6515

**Return Receipt (Electronic)**

2022336933-1

Sierra Express Inc
Registered Agent, Charles Burger and or any other authorized representative
919 Bee Parsons Rd
Chatsworth, GA 30705-7003

---------------------------------------------------------------------------- CUT / FOLD HERE ----------------------------------------------------------------------------

EXHIBIT

B

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

### John B. Scott
### Secretary of State

March 11, 2022

| 2022-336933-1 |
| Include reference number in all correspondence |

Sierra Express Inc
Registered Agent, Charles Burger and or any other authorized
representative
919 Bee Parsons Rd
Chatsworth, GA 30705-7003

RE:    Wendy Barrios et al VS Barry Allen Ellis et al
       210th Judicial District Court Of El Paso County, Texas
       Cause No. 2022DCV0013

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on March 4, 2022.

CERTIFIED MAIL #71901046470101396515

Refer correspondence to:

Daniela Labinoti
Law Firm of Daniela Labinoti PC
707 Myrtle Avenue
El Paso, TX 79901

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/mr
Enclosure

R6W14988
3/4/22

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **SIERRA EXPRESS INC**, who may be served with process by serving its **registered agent CHARLES BURGER and/or any other authorized representative at 919 BEE PARSONS RD., CHATSWORTH, GA 30705-7003**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **210th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 31st day of January, 2022, by Attorney at Law DANIELA LABINOTI 707 MYRTLE AVENUE  EL PASO TX  79901 in this case numbered **2022DCV0013** on the docket of said court, and styled:

**WENDY BARRIOS, INDIVIDUALLY AND AS NEXT FRIEND OF JOSEPH GONZALEZ VS. BARRY ALLEN ELLIS, and SIERRA EXPRESS, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 2nd day of February, 2022.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER _____ TITLE _____
ADDRESS _____
CITY _____ STATE _____ ZIP _____

By _____ , Deputy
Corina Ramirez

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of
_____, 2022, at _____ I mailed to
_____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's First Amended Petition** attached thereto.
_____
_____
TITLE

SECRETARY OF STATE
AUSTIN, TEXAS
2022 MAR -4 PM 1: 55
RECEIVED

336933

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____


                                El Paso County, Texas

By:_____
                            Deputy District Clerk

                                  OR

_____
                        Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."


                         Subscribed and sworn to be on this _____ day
                         of _____, _____.


                         _____
                         Notary Public, State of _____
                         My commission expires:_____

Filed 1/31/2022 10:12 AM
Norma Favela Barceleau
District Clerk
El Paso County
2022DCV0013

# IN THE 210TH JUDICIAL DISTRICT COURT
## OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| WENDY BARRIOS, INDIVIDUALLY AND AS NEXT FRIEND OF JOSEPH GONZALEZ | § § § § | |
| **Plaintiffs,** | § § | |
| vs. | § § | **Cause No.: 2022-DCV-0013** |
| BARRY ALLEN ELLIS, and SIERRA EXPRESS, INC. | § § § | |
| **Defendants,** | § § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW WENDY BARRIOS, INDIVIDUALLY AND AS NEXT FRIEND OF JOSEPH GONZALEZ (hereinafter referred to as "Plaintiffs"), complaining of BARRY ALLEN ELLIS (hereinafter referred to as "Defendant ELLIS"), and SIERRA EXPRESS, INC. (hereinafter referred to as "Defendant SIERRA"), and for a cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case with be conducted in Level 3.

### II.
### PARTIES AND SERVICE

Plaintiffs are residents of El Paso County, Texas.

Defendant SIERRA EXPRESS, INC., is a foreign corporation from Georgia doing business in the state of Texas and may be served with process by serving its registered agent CHARLES

Plaintiffs Original Petition

Page 1 of 11

BURGER and/or any other authorized representative at 919 Bee Parsons Rd, Chatsworth, GA 30705-7003.

Defendant BARRY ALLEN ELLIS is a resident of Whitefield County, Georgia and may be served with process by serving him at 3852 Parker Road, SE Dalton, GA 30721-6231 and/or wherever he may be found.

### III.
### VENUE & JURISDICTION

The subject matter in controversy in within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Plaintiffs and Defendant are Texas residents. Venue in El Paso County, Texas is proper in this cause under Section §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about May 14, 2021, in El Paso County, Texas. At such time and place, Plaintiff Barrios was operating her vehicle with Plaintiff Joseph Gonzalez as a properly restrained passenger, traveling near the 3000 block of Mountain Pass near the Loves Truck Stop. Defendant Ellis had made his exit from the Loves Truck Stop and was traveling on the center lane, left-hand side of Plaintiff's vehicle. Defendant Ellis was operating a vehicle that was owned and operated by Defendant Sierra Express. Defendant Ellis continued on his way towards the intersection and begin to initiate his turn when he collided with the front left fender of Plaintiff Barrios' vehicle. Plaintiff Barrios was terrified and shocked and in complete disbelief as her body had been violently thrown around in her vehicle. The seatbelt pulled her back and her neck went forwards and back

to the head rest in a very aggressive manner. Plaintiff Barrios was concerned for her child who was sitting opposite side of her in the back seat. As Plaintiff began to look back to comfort him, she immediately felt extreme pain to her neck and head. Defendant Ellis, then walked over to Plaintiff's vehicle with a freshly lit cigarette which at the time was more concerning than Plaintiff's wellbeing. Defendant continued to consume his cigarette while waiting for emergency crews to arrive. After Texas Peace Officers were dispatched and arrived at the scene Defendant Ellis informed investigating officers that "he knew the center lane was not a turning lane, but always turns that way in order to make wide turns," he furthermore made remarks on how he had not seen Plaintiff and her vehicle before he attempted to navigate the turn, admitting he was responsible for the collision and injuries caused to both Plaintiffs. Defendant Ellis failed to exercise a proper lookout and failed to control the speed of the vehicle he was operating colliding with Plaintiff. Said collision caused severe physical injuries to Plaintiff and caused substantial damages to the property of Plaintiff.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT ELLIS

Defendant ELLIS owed a reasonable degree of care to Plaintiffs. Plaintiffs allege that the collision and Plaintiffs damages were proximately caused by the negligence of Defendant ELLIS arising from one or more of the following acts or omissions on the part of Defendant ELLIS:

1. Failure to keep a proper look out.
2. Failure to apply to the brakes to the motor vehicle in a timely and prudent manner.
3. Failure to take proper evasive action to avoid the collision complained of.
4. Failure to honk and give adequate warning of the impending danger.
5. Failure to warn of his approach.
6. Failure to use due care in operating a motor vehicle; and
7. Failure to turn from a designated lane.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions were a proximate cause of Plaintiffs damages.

## VI.
## PLAINTIFFS' CLAIMS OF RESPONEAT SUPERIOR AGAINST DEFENDANT SIERRA

Alternatively, and without waiving the foregoing, at the time of the occurrence of the act in question and immediately prior thereto, Defendant ELLIS was within the course and scope of employment for Defendant SIERRA.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant ELLIS was engaged in the furtherance of Defendant SIERRA 's business.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant ELLIS was engaged in accomplishing a task for which Defendant ELLIS was employed.

Plaintiff invokes the doctrine of Respondeat Superior as against Defendant SIERRA.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant ELLIS was engaged in the furtherance of Defendant SIERRA 's business.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant ELLIS was engaged in accomplishing a task for which Defendant ELLIS was employed.

Plaintiffs invoke the doctrine of Respondeat Superior as against Defendant ELLIS and Defendant SIERRA.

**VII.**
## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SIERRA EXPRESS INC.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant SIERRA EXPRESS INC. Plaintiff alleges that the collision and Plaintiffs damages were proximately caused by one or more of the following acts or omissions on the part of Defendant SIERRA EXPRESS INC:

1. That on or about May 14,2021, Defendant Sierra Express Inc was negligent per se by entrusting the control and operation of their vehicle, which was under their ownership and control, to Defendant Barry Allen Ellis.
2. Defendant Sierra Express was negligent by allowing Defendant Ellis to operate the vehicle on the public streets of El Paso County, Texas, and at the particular location referred to above, when they knew or shoulder have known that Defendant Ellis was unfit, incompetent, reckless, or unskilled to operate the vehicle.
3. Defendant Ellis was negligent on the occasion in question.
4. Defendant Ellis negligence caused the Plaintiffs injuries and damages.


**VIII.**
## PLAINTIFF'S CLAIMS OF VICARIOUS LIABILITY AGAINST DEFENDANT SIERRA EXPRESS INC.

Alternatively, and without waiving the foregoing, at the time of the occurrence of the act in question and immediately prior thereto, Defendant BARRY ALLEN ELLIS was within the course and scope of his employment for Defendant SIERRA EXPRESS INC.

Plaintiffs would show that Defendant SIERRA EXPRESS INC is liable for the damages and injuries which were caused by the negligence of their employees, agents, and/or representatives, more specifically, Defendant Ellis. Defendant SIERRA EXPRESS INC is liable for the acts and/or omissions of their employees, agents, and/or representatives. In addition, Defendant SIERRA EXPRESS INC owed a duty of care to Plaintiffs because of Defendants' right of control, which arose through the course of dealing. Defendant SIERRA EXPRESS is liable under the *respondeat superior;* master/servant, principal/agent.

**IX.**
## PLAINTIFFS' CLAIMS OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT SIERRA EXPRESS INC

Alternatively, and without waiving the foregoing, Plaintiffs would show that Defendant SIERRA EXPRESS INC. had a duty to hire competent agents and employees. Defendant failed to hire competent drivers to operate their vehicle on the date in question.

Defendant SIERRA EXPRESS INC also had a duty to train and supervise their employees. Defendants breached their duty to the public and Plaintiffs by failing to properly train and supervise their employees and agents, which proximately caused Plaintiff's injuries and damages.

Defendant SIERRA EXPRESS INC acted with reckless disregard and gross negligence as to the rights of the public including the Plaintiffs, in failing to adequately train and supervise their employees. Plaintiffs seek punitive/exemplary damages. Defendants' actions and omissions in negligently hiring, training, and supervising their driver that Defendants knew or should have known was reckless in his reckless in his driving abilities and that they involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including that of Plaintiffs.

**X.**
## EXEMPLARY DAMAGES

Defendant ELLIS' acts, or omissions described above, when viewed from the standpoint of Defendant ELLIS at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant ELLIS has actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiff from Defendant ELLIS.

Defendant SIERRA 's acts or omissions described above, when viewed from the standpoint of Defendant SIERRA, at the time of the act or omission, involved an extreme degree or risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant SIERRA, has actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

Based on the facts stated herein, Plaintiffs requests exemplary damages be awarded to Plaintiff from Defendant SIERRA.

## XI.
## DAMAGES FOR PLAINTIFFS

As a direct result of the occurrence, Plaintiffs suffered severe bodily injuries. Plaintiff Barrios sustained injuries to her cervical and lumbar spine, requiring surgical intervention; as well as bilateral shoulders, sleeplessness, anxiety as well as headaches that debilitate her. As a further result of the occurrence, Plaintiffs have incurred expenses for medical care, nursing services, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiffs and the charges made and to be made were the usual and customary charges for such services. Plaintiffs will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs. Plaintiffs have suffered extreme pain and suffering in the past and Plaintiffs will continue to suffer pain and suffering in the future. Plaintiffs have suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiffs have

suffered and will continue to suffer impairment to her body. Plaintiffs have suffered disfigurement. Plaintiffs have suffered damages within the jurisdictional limits of this Court and requests monetary relief of over $1,000,000.00.

## XII.
## RELIEF REQUESTED

Pursuant to Tex. R. Civ. P. 47(c), Plaintiffs are required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has been yet begun and the extend of Plaintiffs future damages are still being determined. At the early stage of the proceedings, Plaintiffs request the jury be fair and reasonable in its determination of actual and exemplary damages.

## XIII.
## JURY DEMAND

Plaintiffs respectfully request a trial by jury of the issues in this case.

## XIV.

Plaintiffs hereby notifies Defendants that Plaintiffs intends to use Defendants' discovery answers and responses, including any evidence produced in responses to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## XV.
## REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT
## DUTY TO DISCLOSE WITHIN 30 DAYS OF THE SERVICES.

**PLEASE BE ADVISED THAT UNDER TEXAS RULE 194 YOU MUST PRODUCE AND PROVIDE THE REQUIRED DISCLOSURES WITHIN 30 DAYS OF SERVICE**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined.

(b) **Content.** Without awaiting a discovery request, Aa party may request disclosure of any or all of the following must provide to the other parties:

(1) the correct names of the parties to the lawsuit;

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages

asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

**194.3 Testifying Expert Disclosures.**

In addition to the disclosures required by Rule 194.2, a party must disclose to the other parties testifying expert information as provided by Rule 195.

Disclosures. Without awaiting a discovery request, a party must provide the following for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

**XVI.**
**CONCLUSION AND PRAYER**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all

relief requested, for costs, pre-judgment, and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No. 24050900

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 61254460
Status as of 2/1/2022 9:21 AM MST

Associated Case Party: Wendy Barrios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Danny Leal | | danny@labinotilaw.com | 1/31/2022 10:12:01 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 1/31/2022 10:12:01 AM | SENT |
| Lily Chavez | | lily@labinotilaw.com | 1/31/2022 10:12:01 AM | SENT |
| Bianca Martinez | | biancam@labinotilaw.com | 1/31/2022 10:12:01 AM | SENT |

CAUSE NO. 2022-DCV-0013

| | | |
|---|---|---|
| WENDY BARRIOS, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF | § | |
| JOSEPH GONZALEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 210th JUDICIAL DISTRICT COURT |
| | § | |
| BARRY ALLEN ELLIS AND | § | |
| SIERRA EXPRESS, INC. | § | |
| | § | |
| Defendants. | § | EL PASO COUNTY, TEXAS |

**DEFENDANTS BARRY ALLEN ELLIS AND SIERRA EXPRESS, INC. ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC. and file this ORIGINAL ANSWER and JURY DEMAND replying to PLAINTIFFS' ORIGINAL PETITION and state as follows:

**DEFENDANTS BARRY ALLEN ELLIS AND SIERRA EXPRESS, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

1. Defendants hereby address the following paragraphs as contained in Plaintiffs' Original Petition:

*I. DISCOVERY CONTROL PLAN*

Unnumbered First Paragraph - This paragraph is a statement of the intended discovery control plan, to which no response is required. To the extent a response is required, Defendants agree to conduct discovery as per the applicable Scheduling Order and Civil Rules of Procedure.

*II. PARTIES*

Unnumbered First Paragraph - Admit that Plaintiffs are individuals residing in Texas upon information and belief.

Unnumbered Second Paragraph - Admit Defendant SIERRA EXPRESS, INC.

1

is a motor carrier, with its primary office outside the State of Texas that enters its appearance herein.

Unnumbered Third Paragraph - Admit Defendant BARRY ALLEN ELLIS is a non-resident of the State of Texas who enters his appearance herein.

### III. VENUE

Unnumbered First Paragraph - Admit; however, venue is also proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between the parties.

### IV. FACTS

Unnumbered First Paragraph - Admit that Defendants were involved in a motor vehicle accident with Plaintiffs in El Paso County, Texas on May 14, 2021, Defendants deny all else in this paragraph.

### V. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT ELLIS

Unnumbered First Paragraph – Deny all allegations contained within this paragraph and all subparts.   Strict proof thereof is demanded at the time of trial.

Unnumbered Second Paragraph - Deny all allegations contained within this paragraph.   Strict proof thereof is demanded at the time of trial.

### VI. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT SIERRA

Unnumbered First Through Seventh Paragraphs – Admit that Defendant BARRY ALLEN ELLIS was in the course and scope of his employment with Defendant SIERRA EXPRESS, INC. at the time of the incident.   Deny all else with strict proof thereof demanded at the time of trial.

2

### VII. PLAINTIFFS' CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SIERRA EXPRESS INC.

Unnumbered First Paragraph – Deny all allegations contained within this paragraph and all subparts.   Strict proof thereof is demanded at the time of trial.

### VIII. PLAINTIFFS' CLAIMS OF VICARIOUS LIABILITY AGAINST DEFENDANT SIERRA EXPRESS INC.

Unnumbered First Paragraph – Admit that Defendant BARRY ALLEN ELLIS was in the course and scope of his employment with Defendant SIERRA EXPRESS, INC. at the time of the incident.

Unnumbered Second Paragraph – Deny that Plaintiffs have any valid, direct causes of action against SIERRA EXPRESS, INC. and any remaining allegations contained in this paragraph.   Strict proof thereof is demanded at the time of trial.

### IX. PLAINTIFFS' CLAIMS OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT SIERRA EXPRESS INC.

Unnumbered First Paragraph – Deny all allegations contained within this paragraph.   Strict proof thereof is demanded at the time of trial.

Unnumbered Second Paragraph – Deny all allegations contained within this paragraph.   Strict proof thereof is demanded at the time of trial.

Unnumbered Third Paragraph – Deny all allegations contained within this paragraph.   Strict proof thereof is demanded at the time of trial.

### X. EXEMPLARY DAMAGES

Unnumbered First through Fourth Paragraphs – Deny all allegations contained within these paragraph.   Strict proof thereof is demanded at the time of trial.

### XI. DAMAGES FOR PLAINTIFFS

Unnumbered First Paragraph – Admit only that Plaintiffs seek monetary relief

3

within the jurisdictional limits of the Court, deny all else.   Strict proof of damages is demanded at the time of trial.

### XII. RELIEF REQUESTED

Unnumbered First Paragraph – Defendants object to and deny that Plaintiffs have disclosed the maximum amount of damages sought as required by Tex. R. Civ. P. 47(c).

### XIII. JURY DEMAND

Unnumbered First Paragraph – Defendants agree with Plaintiffs and hereby independently demand trial by jury.

### XIV. 193.7 NOTICE

Unnumbered First Paragraph – Defendants object to and deny that Plaintiffs have properly disclosed their intention to rely upon Defendants' discovery responses, as required by Tex. R. Civ. P. 193.7.

### XV. REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT DUTY TO DISCLOSE WITHIN 30 DAYS OF THE SERVICES

Unnumbered First Paragraph through Third Paragraphs and all subparts – These paragraphs and subparts are discovery requests to which no response is required in this pleading.

### XVI. CONCLUSION AND PRAYER

Unnumbered First Paragraph - Admit only that Plaintiffs seek monetary relief within the jurisdictional limits of the Court.   All liability on the part of Defendants is specifically denied. Strict proof thereof is demanded at the time of trial. The remainder of the allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that such allegations are factual in nature and are directed to Defendants, the same are

4

specifically denied. Strict proof thereof is demanded at the time of trial. To the extent to which those allegations are directed to parties other than Defendants, no response is required.

### AFFIRMATIVE DEFENSES

2. Defendants hereby incorporate the allegations of the preceding paragraphs as though the same were set forth at length herein.

3. Defendants specifically deny each and every material allegation of Plaintiffs' Original Petition which has not heretofore been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof, and Defendants specifically deny that they were negligent or negligent *per se* in any manner that would entitle Plaintiffs to compensatory damages against Defendants in any amount whatsoever.

4. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident and/or a sudden emergency.

5. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that the act or omission of a person other than Defendants was the sole proximate cause of the accident in question.

6. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

7. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that the acts or omissions of Plaintiffs or other third parties were the sole

proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

8. Defendants assert that Plaintiff WENDY BARRIOS, individually, was contributorily negligent, comparatively at fault, and/or a cause or the sole proximate cause of the incident made the basis of this lawsuit and all resulting damages, if any. That is, the injuries and damages alleged by Plaintiffs were proximately caused by the negligence, carelessness and other liability-producing conduct of persons or entities over whom Defendants exercised no control or right of control, including but not limited to Plaintiff WENDY BARRIOS, who approached the Defendants' vehicle, knowing that said vehicle has significant blind-spots that were to be avoided, and then chose to stop her vehicle in one of the aforementioned blind spots, causing and/or contributing, in whole or in part, the incident at issue. Defendants request that an allocation of such negligence, conduct and liability be made among such other person or entities, and that, if any liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which Defendants' acts or omissions contributed to Plaintiffs' injuries or damages, if at all.

9. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively state that Plaintiffs' recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by Plaintiffs pursuant to Section 41.0105 of the TEX. CIV. PRAC. & REM. CODE.

10. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that Plaintiffs' claims are barred, in whole or in part, to the extent that the jury finds that Plaintiffs failed to mitigate the effect of the alleged injuries and damages, as required by law.

11. For further answer, if such be necessary, and pleading in the alternative, Defendants

affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

12. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege some or all of the incapacity, disability, and physical infirmities complained of by Plaintiffs are the result of pre-existing or subsequently occurring injuries, conditions, infirmities, ailments, diseases or disabilities which were not caused or produced by or a result of the accident alleged by Plaintiffs.   Therefore, Plaintiffs' monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than Defendants' alleged negligence.

13. For further answer, if such be necessary, and pleading in the alternative, Defendants invoke the provisions of TEX. CIV. PRAC. & REM CODE § 33.013 in the unlikely event that liability is established by the Plaintiffs in this cause.

14. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that, pursuant to TEX. CIV. PRAC. & REM CODE § 18.091, if Plaintiffs' seeks to recover for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance, Plaintiffs must prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law.   Defendants further request that the Court, pursuant to TEX. CIV. PRAC. & REM. CODE § 18.091 instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs are subject to federal or state income taxes.

15. For further answer, if such be necessary, and pleading in the alternative, Defendants specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiffs, in a good faith argument for the modification or reversal of existing law.

**DEMAND FOR JURY TRIAL**

16. Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC. demand that this matter

be tried before a jury.

**PRAYER**

WHEREFORE, Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC.

respectfully request that this Honorable Court enter judgment that Plaintiff take nothing by way of

her suit against Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC., that

Plaintiffs' Original Complaint be dismissed with prejudice, that costs be assessed against Plaintiff

and in favor of Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC., and for all

other relief to which Defendants BARRY ALLEN ELLIS and SIERRA EXPRESS, INC. may

show themselves justly entitled, either at law or in equity.

Respectfully submitted,

McCOY LEAVITT LASKEY, LLC
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas   78258
(210) 446-2828
(262) 522-7020 (FAX)

BY: _____
MICHAEL I. RAMIREZ
State Bar No. 24008604
JOSHUA L. NICHOLLS
State Bar No. 24086888
Service Email: e-servetexas@mlllaw.com

ATTORNEYS FOR DEFENDANTS
BARRY ALLEN ELLIS AND
SIERRA EXPRESS, INC.

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing instrument has been served
in compliance with the Texas Rules of Civil Procedure on this 28th day of March, 2022 to:

Daniela Labinoti
daniela@labinotilaw.com
LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle Avenue
El Paso, Texas 79901
*Attorney For Plaintiffs*

BY: _____

JOSHUA L. NICHOLLS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WENDY BARRIOS, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF | § | |
| JOSEPH GONZALEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| BARRY ALLEN ELLIS AND | § | |
| SIERRA EXPRESS, INC. | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## <u>LIST OF ALL COUNSEL OF RECORD</u>

MICHAEL I. RAMIREZ
State Bar No.: 24008604
Service Email: e-servetexas@mlllaw.com
**MCCOY LEAVIT LASKEY LLC**
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas 78258
(210)-446-2828 Office
(262)-522-7020 (FAX)
**Counsel for Barry Allen Ellis and Sierra Express, Inc.**

JOSHUA L. NICHOLLS
State Bar No. 24086888
Service Email: e-servetexas@mlllaw.com
**MCCOY LEAVIT LASKEY LLC**
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas 78258
(210)-446-2828 Office
(210)-522-7020 (FAX)
**Counsel for Barry Allen Ellis and Sierra Express, Inc.**

DANIELA LABINOTI
Email: daniela@labinotilaw.com
**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (FAX)
**Counsel for Plaintiffs**

**EXHIBIT C**